IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRADLEY LAURENT, § <br> Plaintiff § <br> § <br> v. § <br> §    CIVIL ACTION NO. _____ <br> § <br> KINDER MORGAN, INC., KINDER § <br> MORGAN GALENA PARK WEST § <br> LLC, AND KINDER MORGAN § <br> TEXAS TERMINALS, L.P., § <br> Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bradley Laurent files this Complaint against Defendants Kinder Morgan, Inc., Kinder Morgan Galena Park West LLC and Kinder Morgan Texas Terminals, L.P., and would respectfully show the following:

## FACTUAL BACKGROUND

1. This case arises out of an incident on or about June 6, 2016. On that date, Plaintiff Bradley Laurent worked for Inspectorate America as an inspector. Plaintiff was contracted to work at a terminal in Galena Park owned and/or operated by Defendants Kinder Morgan, Inc., Kinder Morgan Galena Park West LLC and Kinder Morgan Texas Terminals, L.P.

2. Plaintiff was instructed to inspect a barge docked at Defendants' facility. His job was to ensure Defendants were getting the product it had ordered—to ensure whether the barge contained the correct product, and in the correct amount.

3. Plaintiff went on the barge to conduct his work. As he was conducting his work on the barge, another barge arrived at Defendants' facility. Despite the presence of a barge already at the dock—the barge Plaintiff was working on—Defendants' dockman directed the second barge to dock.

4. Defendants' dockman failed to ensure there was sufficient clearance available at the dock for another barge. In attempting to dock at Defendants' instructions, the second barge struck the barge Plaintiff was working on. The impact caused Plaintiff to fall forward on the deck, striking his back and resulting in serious injury.

5. Despite being aware of the barge Plaintiff was already on, Defendants guided another barge directly into where the barge was already docked.

6. Defendants issued no warning to Plaintiff. Further, Defendants also failed to ensure the dock contained sufficient lighting, which affected the visibility at the dock.

7. Defendants' actions and failures were a proximate cause of Plaintiff's injuries, for which he now brings this lawsuit.

## THE PARTIES

8. Plaintiff Bradley Laurent resides in Texas.

9. Defendant Kinder Morgan, Inc. is a foreign corporation doing business in Texas. Defendant may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10. Defendant Kinder Morgan Galena Park West LLC is a foreign limited liability company doing business in Texas. Defendant may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

11. Defendant Kinder Morgan Texas Terminals, L.P. is a foreign limited partnership doing business in Texas. Defendant may be served through its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1333 because there are claims that arise under general maritime law.

13. This Court has personal jurisdiction over the Defendants because Defendants conduct systematic and continuous business activities in and throughout the state of Texas and this District. At least one Defendant maintains its headquarters in Texas. Venue is properly laid in this District as it is where the incident occurred.

## CLAIMS FOR RELIEF

### NEGLIGENCE

14. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

15. Defendants owed Plaintiff, a visitor, the duty of reasonable care, and a duty to provide a reasonably safe place to work. In an attempt to not delay work, Defendants decided to have another barge attempt to dock in an unsafe manner—unsafe as the location

was already a location on the dock where Plaintiff was working.  Instead of warning Plaintiff, Defendants' dockman continued to direct the second barge to dock.

16. Defendants failed to ensure there was sufficient lighting at the dock, and failed to ensure its employees were properly monitoring conditions at the dock. Defendants' actions constitute negligence under common law.

17. Defendants' breach of their duties was the producing cause, or the proximate cause, of Plaintiff's injuries.

## GROSS NEGLIGENCE

18. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as though fully set forth herein.

19. Defendants' conduct was willful, reckless, wanton, and/or malicious.  At a minimum, Defendants' acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm. And, due to their subjective awareness of the extreme risk, Defendants exhibited a conscious indifference to the rights, safety or welfare of others.  Plaintiff thus seeks exemplary damages, along with all other damages allowed by applicable law.

## JURY DEMAND

20. Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

21. Plaintiff demands judgment in his favor against Defendants, including: compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to be determined by the trier of fact as provided by law and supported by the evidence at trial. Plaintiff also seeks costs of suit, as well as any further relief as this Court deems just and proper.

Respectfully submitted,

### THE BUZBEE LAW FIRM

/s/:  *Anthony G. Buzbee*
   Anthony G. Buzbee
   State Bar No. 24001820
   Federal Bar No. 22679
   Andrew Dao
   State Bar No. 24082895
   Federal Bar No. 2368172
   JPMorgan Chase Tower
   600 Travis, Suite 7300
   Houston, Texas 77002
   Tel:  (713) 223-5393
   Fax: (713) 223-5909
   tbuzbee@txattorneys.com
   adao@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**